# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MESSINA, | ) |
|                   Plaintiff, | ) Civil Action No. 13 – 1366 |
| v. | ) District Judge Davis S. Cercone |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| STATE POLICE TROOPER ALAN CARMICHAEL, | ) |
|                   Defendant. | ) |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  REPORT**

Donald Messina ("Plaintiff") is a Pennsylvania state prisoner currently serving a six to twelve year sentence imposed following his conviction by a jury of four counts of statutory sexual assault and one count of corruption of minors at No. 528 of 2004, in the criminal division of the Court of Common Pleas of Clarion County, Pennsylvania.  *See* Messina v. Wynder, C.A. No. 2:07-cv-946, ECF No. 41 (W.D. Pa. Nov. 28, 2007).  He is currently confined at the State Correctional Institution in Dallas, Pennsylvania.  He commenced this action by motion for leave to proceed *in forma pauperis* submitted on September 18, 2013.  That motion was granted and Plaintiff's Complaint was filed two days later.  In his Complaint, Plaintiff alleges that Defendant

State Police Trooper Alan Carmichael did not read him his Miranda[1] rights prior to interviewing him in his home on July 30, 2004.  As relief, Plaintiff seeks a new trial or the termination of the rest of his sentence.

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims.  Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e), and finds that his Complaint is subject to dismissal for failure to state a claim on which relief may be granted.

Plaintiff's sole claim is that Defendant Carmichael violated his constitutional rights because he was not read his Miranda warnings prior to being interviewed. The Supreme Court's opinion in Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444. Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says

3

can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided to him. Id. at 479. If, after receiving these warnings, the person knowingly and intelligently waives these rights and provides a statement, that statement can be used against the person in a criminal proceeding. Id.

The Third Circuit Court of Appeals has held that "a plaintiff may not base a § 1983 claim on the mere fact that the police questioned him in custody without providing Miranda warnings where there is no claim that the statements obtained in violation of Miranda were used against [him]." Renda v. King, 347 F.3d 550, 557 (3d Cir. 2003) (citing Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994). This is because

> violations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself. The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, where the "right to counsel" during custodial interrogation recognized in Miranda is merely a procedural safeguard, and not a substantive right.

Id. (quoting Giuffre, *supra*). In other words, there is no free-standing Fifth Amendment claim for failure to be Mirandized during an interrogation. Instead, the Fifth Amendment is implicated when proper procedures are not followed in a custodial interrogation and a statement made by the plaintiff is later used against him at trial.

Plaintiff gives no factual support for his claim other than stating that Defendant Carmichael interviewed him on July 30, 2004, without first reading him his Miranda warnings. He does not state whether any statement made by him during that interview was used against him at his criminal trial. However, as an exhibit to his Complaint, Plaintiff has attached the Court of Common Pleas' order dated December 23, 2004, denying his motion to suppress the statements made in the aforementioned interview on July 30, 2004. The Common Pleas court specifically found that Plaintiff "was not in custody so as to trigger his right to Miranda warnings at the time

4

he was questioned by [Defendant] Trooper Carmichael, even though he was under suspicion at the time and was the focus of the investigation." (ECF No. 1-2 at 2-4.) To the extent Plaintiff claims that these statements were later used against him at trial in violation of his Fifth Amendment right against compelled self-incrimination, his claim is barred by the Heck[2] doctrine as well as principles of *res judicata*, which bar this Court from revisiting the judicial determination made by the Court of Common Pleas. To question the evidence used in Plaintiff's prosecution would put the validity of his still-valid conviction at issue. A civil rights action raising these claims cannot be maintained unless Plaintiff's conviction is reversed on direct appeal or impaired by collateral proceedings. For these reasons, Plaintiff is unable to state a claim upon which relief may be granted and his Complaint should be dismissed with prejudice.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to § 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 21, 2013

---

[2] In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that where success in a prisoner's section 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

/s/ Lisa Pupo Lenihan

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Donald Messina
GG-0082
SCI Dallas
1000 Follies Road
Dallas, PA  18612-0286
*(Via First Class Mail)*